95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ST. KATHERINE INS. CO.; Lexington Insurance Company;
Assicurazioni Generali S.P.A.; El Paso Insurance
Company; Dart & Kraft Insurance Co., et
al., Plaintiffs-Appellants,
v.
Edward A. SHAY; Sheldon L. Pollack; E.R. McCollum;
Norbert W. Pieper; Sheldon L. Pollack Corp.; Pacific
Architects and Engineers Inter'l, Inc.; Norbert W. Pieper,
A.I.A., Inc.; Biomass-One, L.P., et al., Defendants-Appellees.
 No. 95-55397.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Aug. 21, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs, insurance underwriters in London, brought suit against the Biomass defendants[1] and the S-P defendants[2] to recover out-of pocket expenses and the $2.2 million paid to Biomass One, L.P. ("Biomass") to settle an errors and omissions claim against S-P Construction ("S-P") alleging fraud by it. Plaintiffs appeal the district court's grant of a directed verdict and summary judgment in favor of S-P on Plaintiffs' fraud claim based on nondisclosure. They also appeal the grant of certain motions in limine in favor of S-P. Finally, Plaintiffs appeal the district court's Order dismissing the action against Biomass for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We AFFIRM.
 
 I.
 
 4
 To be effective, a reservation of rights which had been asserted by the insurer must clearly and unambiguously inform the insured of the insurer's position. Val's Painting & Drywall, Inc. v. Allstate Ins. Co., 53 Cal.App.3d 576, 588 (1975); Miller v. Elite Ins. Co., 100 Cal.App.3d 739, 754 (1980); Transamerica Ins. Group v. Beem, 652 F.2d 663, 666 (6th Cir.1981). The adequacy of the reservation is determined, not by the insurer's subjective intent, but by whether the reservation "fairly informs" the insured of the insurer's position. Transamerica, 652 F.2d at 666. An insurer that agrees to pay a claim with either constructive or actual knowledge of the applicable facts, and without reserving the right to assert a claim of fraud or nondisclosure in the insurance application, waives or is estopped from asserting these defenses unless it has specifically reserved its right to do so. See City of Carter Lake v. Aetna Cas. & Surety Co., 604 F.2d 1052, 1059-1060 (8th Cir.1979); Dillingham Corp. v. Employers Mut. Liab. Ins. Co., 503 F.2d 1181, 1185 (9th Cir.1974).
 
 
 5
 In granting summary judgment, the district court held that plaintiffs had failed to adequately reserve their rights to assert claims based on fraud or nondisclosure and, therefore, by virtue of their actions, including payment of the Biomass claim, plaintiffs had waived any right to recover from the defendants based on alleged fraud or nondisclosure in the insurance application. We agree.
 
 
 6
 On November 2, 1988, Plaintiffs expressly reserved their right to deny, based on nondisclosure, coverage of the errors and omissions claim. The letter, however, stated that the "underwriters are reserving their right to fully investigate the issues set forth in this correspondence." Essentially, the letter was a general statement that the plaintiffs were reserving all rights while they investigated all possible defenses, and stated that plaintiffs "expressly reserved the right to later assert those defenses."
 
 
 7
 In a letter dated January 6, 1989, plaintiffs stated again that the "Underwriters have concluded that the reservation will remain in effect at this time, pending further investigation and analysis." During this time, plaintiffs' counsel was fully aware that a decision to tender policy limits in settling the Biomass action would cause a waiver of their nondisclosure claim. (In a June 10, 1989, opinion letter, plaintiffs' counsel advised their clients that they had a clear choice between continuing to assert the nondisclosure claim and settling the Biomass action.)
 
 
 8
 On August 22, 1989, plaintiffs issued a new reservation of rights letter, this time reserving the right "to pursue S-P for potential recoupment as a result of the Underwriters' payment for noncovered damage claims." (emphasis added). The letter made no mention of reserving the right to pursue the nondisclosure claim. Plaintiffs then tendered $2.2 million of policy limits to settle the Biomass action.
 
 
 9
 Plaintiffs argue that the district court mistakenly focused only on the August 22, 1989, letter, and failed to properly evaluate the August 26, 1988 letter, the November 2, 1988 letter, and the January 6, 1989 letter. These previous letters, however, specifically limit the reservation of the nondisclosure claim to the investigatory period prior to settlement. Once plaintiffs decided to settle on the policy, and authored another letter that failed to reserve the nondisclosure claim, that defense was effectively waived. This is not a case where plaintiffs' counsel forgot to renew the nondisclosure reservation, rather, plaintiffs' counsel was well aware that by tendering the policy limits, the only claim that it could then pursue was for recoupment for payment on noncovered claims.[3] That was the intent of the August 22, 1989, letter, and that intent was clearly conveyed to S-P. The law is clear that a specific basis for recoupment in a reservation letter is not sufficient to recoup on other grounds. Val's, 53 Cal.App.3d at 588. Furthermore, a reservation must be communicated to the insured to be effective. Id.
 
 
 10
 Plaintiffs also argue that during their investigation, S-P failed to turn over the "missing paragraph" that was omitted from the Biomass Letter of November 4, 1985. Therefore, plaintiffs argue they were not fully apprised of all relevant facts and were tricked into withdrawing their reservations. Plaintiffs, however, made a full investigation into their claim of nondisclosure. They now focus on a single paragraph that was deleted because Biomass believed that a potential delay claim was not relevant in terms of E & O insurance. Plaintiffs essentially argue that if the "missing paragraph" had been disclosed, they would not have settled the underlying action and would have reserved their rights to recoup based on nondisclosure. We disagree. The subject of the "missing paragraph" involved a delay problem that would have been covered by a contract claim, not E & O insurance, and plaintiffs clearly wanted to cap their potential liability through settlement.
 
 
 11
 As the district court correctly stated in its Conclusions of Law, "a reservation of rights that, by its terms, is limited to the period of the investigation of the underlying claim and that is followed by another reservation on a different ground is inadequate to reserve an insurer's right to recover payments that the insurer makes on the policy." Accordingly, we AFFIRM the grant of summary judgment as to S-P and, therefore, do not address plaintiffs' arguments relating to the directed verdict and motions in limine.
 
 
 12
 Furthermore, we find that no actionable fraud was pled against Biomass, and therefore AFFIRM the district court's order dismissing plaintiffs' complaint against Biomass pursuant to Federal Rule of Civil Procedure 12(b)(6).
 
 II.
 
 13
 In conclusion, we AFFIRM the grant of Summary Judgment in favor of S-P. Additionally, we AFFIRM the district court's dismissal of the complaint against Biomass for failure to state a claim under Rule 12(b)(6). AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Biomass-One, L.P., Biomass-One Operating Company, Lee D. Weisel, D. Sam Scheele, and Marc D. Rappaport
 
 
 [2]
 Edward A. Shay, Sheldon L. Pollack, E.R. McCollum, Norbert W. Pieper, Sheldon L. Pollack Corporation, Pacific Architects & Engineers, Inc., Pacific Architects & Engineers, Inc., Norbert W. Pieper, AIA, Inc., S-P Construction, Pacific Architects & Engineers, Inc
 
 
 [3]
 Plaintiffs' counsel recommended to its client that the "course of action which presents the least risk to the Underwriters requires settlement based upon the demand of Biomass One. To do so will cap the exposure of the Underwriters, yet retain their right of action against S-P for noncovered claims." (emphasis added)